# USDC SCAN INDEX SHEET

















```
KSR    6/25/03    14:37
3:01-CV-01800    WESTBOURNE INTL INC V. ARROWHEAD GENERAL
*219*
*DECL.*
```

FILED ORIGINAL
03 JUN 23 PM 4:30
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _Ridgeway_ DEPUTY

WESTON & McELVAIN LLP
RANDY M. McELVAIN, Bar #137046
RICHARD C. REY II, Bar #193212
888 West Sixth Street, 15th Floor
Los Angeles, California 90017
Telephone: (213) 596-8000
Facsimile: (213) 596-8039

Attorneys for Defendants and Counter-Claimants ARROWHEAD GENERAL INSURANCE AGENCY, INC., YOUZOOM, INC. and YOUZOOM INSURANCE SERVICES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BY FAX

| | |
|---|---|
| WESTBOURNE INTERNATIONAL, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ARROWHEAD GENERAL INSURANCE AGENCY, INC., a Minnesota corporation; and YOUZOOM, INC., a California Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 01-CV-1800 H(JFS)<br><br>DECLARATION OF RICHARD C. REY II IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S EXPERT FROM GIVING OPINION TESTIMONY ON DEDUCTIBLE COSTS<br><br>Date: July 14, 2003<br>Time: 10:30 a.m.<br>Dept: 4/1<br>Judge: Hon. Marilyn Huff<br><br>*[Filed Concurrently with Defendants' Notice of Motion, Defendants' Memorandum of Points & Authorities, Defendants' Application and Order to seal and the Proposed Order]* |

I, Richard C. Rey II, declare:

1.  I am an attorney duly licensed to practice law in the State of California, and an associate in Weston & McElvain LLP, counsel for the defendants and counter-claimants in this action. The matters set forth herein are based on my personal knowledge and if called as a witness I could and would testify thereto.

2.  I have attached true and correct copies of the relevant excerpts from the Deposition of Robert Mills as Exhibit A.

219

01 CV-1800 H (JFS)

1 |     I declare under penalty of perjury under the laws of the United States that the foregoing
2 | is true and correct.
3 |     Executed June 23, 2003 in Los Angeles, California.

                                                RICHARD C. REY II

-2-

01 CV-1800 H (JFS)

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

WESTBOURNE INTERNATIONAL, )
INC., a California )
corporation, )
 )
           Plaintiff, )
 )
     vs. ) No. 01 CV 1800-H (JFS)
 )
ARROWHEAD GENERAL INSURANCE )
AGENCY, INC., a Minnesota )
corporation, et al., )
 )
           Defendants. )
_____)
AND RELATED COUNTER-CLAIMS. )
_____)

**CERTIFIED COPY**

DEPOSITION OF ROBERT B. MILLS

Los Angeles, California

Thursday, October 24, 2002

Reported by:

SHERRYL DOBSON, RPR

CSR No. 5713

JOB No. 873419

Exhibit A  Page 3

Mr. Kinrich at that point in time, and I had had a chance to review his cost allocation methodology for labor costs.

Q   And you wanted to know what the law was on whether that would be deductible?

A   I guess I wanted to know -- like I said, this is an issue I think -- an issue of law and not economics, and I wanted to know -- I guess I wanted to know what the standard was.

Q   Is this something that you didn't previously discuss with counsel at the time of your retention, in terms of how would you do your analysis of the defendant's profits in this case.

THE WITNESS:   Can you repeat that, please?

(Record read)

THE WITNESS:   No, we discussed -- I think we had a conversation about that prior to my first report.

BY MR. McELVAIN:

Q   Okay. And what was discussed in that conversation?

A   I think at that point in time I had identified revenues. I also had identified certain costs that appeared to be incremental costs; that is, costs that would be incurred every time a policy was sold. I didn't have information on exactly what the line items

Exhibit A   Page 4   42

that right?

MR. ROSEN: Objection. Vague and ambiguous.

THE WITNESS: I think in my initial report and -- actually, in my subsequent report, my supplemental report, the only costs that I deduct are those that I feel are incremental costs.

BY MR. McELVAIN:

Q Why?

A Again, it's my understanding that there's a burden of proof on the defendant to prove that those costs are relevant to the analysis, and it's not up to me to decide whether they've met that burden.

Q Okay. So you're not rebutting my expert's opinions as to what other costs are deductible, then; are you?

MR. ROSEN: Objection. Vague and ambiguous.

THE WITNESS: I don't recall seeing an analysis in the report to that effect.

BY MR. McELVAIN:

Q You don't seem to recall seeing an analysis in the report where they said that YouZoom was losing money and went through the costs and the basis for that? You don't recall seeing that in their report?

A Yes, I do.

Q Okay. And you don't have any rebuttal opinions

Exhibit A Page 5      50

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 888 West Sixth Street, 15th Floor, Los Angeles, California 90017.

On **June 23, 2003,** I served the foregoing document described as **DECLARATION OF RICHARD C. REY II IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S EXPERT FROM GIVING OPINION TESTIMONY ON DEDUCTIBLE COSTS** on all parties as indicated below:

> Gregory S. Dovel, Esq.
> Donald B. Rosen, Esq.
> Dovel & Luner, LLP
> 333 S. Grand Avenue, Suite 1560
> Los Angeles, CA 90071
> (213) 473-9888

[X]    by placing the true copies thereof enclosed in sealed envelopes addressed as stated above.

[_]    **BY MAIL as follows:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

[_]    **BY PERSONAL SERVICE:** I caused said envelope to be delivered to the offices of the addressee as designated above.

[_]    **BY FACSIMILE:**   I sent such document from facsimile machine (213) 596-8039 on June 23, 2003. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (213) 596-8039 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed above.

[X]    (Federal)    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **June 23, 2003,** at Los Angeles, California

_____
ANNE M. MORENO