

KSR    8/14/03    13:02
3:01-CV-01800   WESTBOURNE INTL INC V. ARROWHEAD GENERAL
*307*
*JYINSTR.*



Westbourne International, Inc.

V.

Arrowhead General Insurance Agency, Inc.,
a Minnesota Corporation; Youzoom, Inc.,
a California corporation

01-CV-1800 H (JFS)

# Jury Instructions

307

INSTRUCTION NO. ___1___

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. _2_

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

INSTRUCTION NO. _3____

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. __4__

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. __5__

     In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

     In considering the testimony of any witness, you may take into account:

     (1) the opportunity and ability of the witness to see or hear or know the things testified to;

     (2) the witness' memory;

     (3) the witness' manner while testifying;

     (4) the witness' interest in the outcome of the case and any bias or prejudice;

     (5) whether other evidence contradicted the witness' testimony;

     (6) the reasonableness of the witness' testimony in light of all the evidence; and

     (7) any other factors that bear on believability.

     The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

INSTRUCTION NO. ___6___

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. _____1_____

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. _9_

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

INSTRUCTION NO. _____9_____

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Deposition testimony has been presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

INSTRUCTION NO. ___10___

You should decide the case as to each party separately.   Unless otherwise stated, the instructions apply to all parties.

INSTRUCTION NO. ___11___

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. __12__

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

INSTRUCTION NO. __13__

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

INSTRUCTION NO. __14__

A person is not bound by the terms of a contract made by two other parties, unless the person expresses his agreement to be bound by the terms of that other contract.

INSTRUCTION NO. ___15___

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to:

(1) authorize, or make additional copies, or otherwise reproduce the copyrighted work in copies;

(2) recast, transform, or adapt the work, or otherwise prepare derivative works based upon the copyrighted work;

(3) distribute copies of the copyrighted work to the public by sale or other transfer of ownership or by lending; and

(4) display publicly a copyrighted literary work, computer program, or other audiovisual work;

It is the owner of a copyright who may exercise these exclusive rights to copy. The term "owner" means the author of the work or an assignee. In general, copyright law protects against production, adaptation, distribution, performance, or display of substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement. Even though one may acquire a copy of the copyrighted work, the copyright owner retains rights and control of that copy, including uses that may result in additional copies or alterations of the work.

INSTRUCTION NO. __16__

The works involved in this trial are computer programs, that is, a literary work composed of a set of statements or instructions to be used directly or indirectly in a computer to bring about a certain result.

You are instructed that a copyright may be obtained in the works at issue.

These works can be protected by the copyright law provided they meet the requirements of copyright law and the authors took steps to properly copyright the works. Only that part of the works comprised of original works of authorship fixed in any tangible form of expression from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, are protected by the Copyright Act.

INSTRUCTION NO. ___17___

Affixing a copyright notice to a document or work does not create copyright protection.

INSTRUCTION NO.  18

Copyright law allows the author or owner of an original work to prevent others from copying the way or form the author used to express the ideas in the author's work. Only the particular expression of an idea can be copyrighted. Copyright law does not give the author or owner the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles or discoveries.

The right to exclude others from copying extends only to how the author expressed the ideas in the copyrighted work. The copyright is not violated when someone uses an idea from a copyrighted work, as long as the particular expression of that idea in the work is not copied.

INSTRUCTION NO. __19__

Whether the non-literal components of a computer program, including the structure, sequence and organization, and user interface are protected depends on whether the component in question qualifies as an expression of an idea or an idea itself.

INSTRUCTION NO. _20_

The following are examples of works not subject to copyright:

Words and short phrases such as names, titles, and slogans; familiar symbols or designs; mere variations of typographic ornamentation, lettering or coloring; mere listing of ingredients or contents.

INSTRUCTION NO. __21__

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving both of the following by a preponderance of the evidence:

1.    the plaintiff is the owner of a valid copyright; and

2.    the defendants copied original elements from the copyrighted work.

If you find that both of the elements on which the plaintiff has the burden of proof have been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendants.

On the counter-claimant's copyright infringement claim, the counter-claimant has the burden of proving both of the following by a preponderance of the evidence:

1.    the counter-claimant  is the owner of a valid copyright; and

2.    the counter-defendants copied original elements from the copyrighted work.

If you find that both of the elements on which the counter-claimant has the burden of proof have been proved, your verdict should be for the counter-claimant. If, on the other hand, the counter-claimant has failed to prove either of these elements, your verdict should be for the counter-defendants.

INSTRUCTION NO. _22_

The plaintiff or counter-claimant is the owner of a valid copyright if the plaintiff or counter-claimant proves by a preponderance of the evidence that:

1. the plaintiff or counter-claimant's work is original; and

2. the plaintiff or counter-claimant is the author or creator of the work or received a transfer of the copyright.

INSTRUCTION NO. _13_

A person who holds a copyright may obtain a Certificate of Registration from the Copyright Office of the Library of Congress. This certificate is "prima facie evidence" of the facts stated in the certificate. "Prima facie evidence" means sufficient evidence to establish the work has a valid copyright, unless outweighed by other evidence in this case.

INSTRUCTION NO. ___24___

The creator of an original work is called the author of that work.  An author originates or "masterminds" the original work, controlling the whole work's creation and causing it to come into being.

Others may help or may make valuable or creative contributions to a work. However, such contributors cannot be the authors of the work unless they caused the work to come into being.  One must translate an idea into a fixed, tangible expression in order to be the author of the work.  Merely giving an idea to another does not make the giver an author of a work embodying that idea.

INSTRUCTION NO. _25_

A copyright owner is entitled to exclude others from copying a joint work. A joint work is a work prepared by two or more authors. At the time of the joint work's creation, a joint work must have two or more authors, and

     1. each author must have made a substantial and valuable contribution to the work although the contribution each author made to the joint work need not be equal;

     2. each author must have intended that their contributions be merged into inseparable or interdependent parts of a unitary whole; and

     3. each author must have contributed material to the joint work which could have been independently copyrighted.

In deciding whether a work is a joint work, you may consider the following factors:

     1. whether both parties exercised effective control over their contributions to the work;

     2. whether both parties made objective manifestations of a shared intent to be co-authors during the creative process, for instance by publicly expressing an intent that the work is their shared project; and

     3. whether the audience appeal of the work depends on the contribution of each party and the share of each's contribution in the work's success cannot be appraised.

Each author of a joint work shares an undivided interest in the entire joint work. A copyright owner in a joint work may enforce the right to exclude others in an action for copyright infringement. Co-authors of a joint work cannot be liable to each other for copyright infringement based on use of the other's contribution to the joint work.

INSTRUCTION NO. ___26___

A person who merely describes to an author what the commissioned work should do or look like is not a joint author for purposes of the Copyright Act. To be an author, one must supply more than mere direction or ideas; one must translate an idea into a fixed tangible expression entitled to copyright protection.

INSTRUCTION NO. _____ 21

A copyright owner is entitled to exclude others from copying a work made for hire.

A work made for hire is one that is prepared by an employee in carrying out the employer's business.

The employer is considered to be the author of the work and owns the copyright unless the employer and employee have agreed otherwise in writing.

A copyright owner of a work made for hire may enforce the right to exclude others in an action for copyright infringement.

INSTRUCTION NO. _28_

You should consider the following factors in determining whether the author of the work in this case was an employee or independent contractor at the time the work was created.

1.     The skills required to create the work. The higher the skills required, the more likely the creator was an independent contractor rather than an employee.

2.     The source of the tools or instruments used to create the work. The more the creator had to use his own tools or instruments, the more likely the creator was an independent contractor rather than an employee.

3.     The location of where the work was done. The less the creator worked at an alleged employer's work site, the more likely the creator was an independent contractor rather than an employee.

4.     Applicability of employee benefits, like a pension plan or insurance. The more the creator is covered by the benefit plans an alleged employer offers to other employees, the less likely that the creator was an independent contractor rather than an employee.

5.     Tax treatment of the creator by the alleged employer. If the alleged employer reported to tax authorities payments to the creator with no withholding or by use of a Form 1099, the more likely the creator was an independent contractor rather than an employee.

6.     Whether the creator had discretion over when and how long to work. The more the creator can control his or her work times, the more likely the creator was an independent contractor rather than an employee.

(Page 1 of 2)

7.      Whether the alleged employer has the right to assign additional projects to the creator. The more the creator could refuse to accept additional projects unless additional fees were paid, the more likely the creator was an independent contractor rather than an employee.

8.      Duration of the relationship between the parties.  The more the creator worked on a project basis for the alleged employer, the more likely the creator was an independent contractor rather than an employee.

9.      The method of payment.  The more the creator usually works on a commission or onetime-fee basis, the more likely the creator was an independent contractor rather than an employee.

10.     Whether the creator hired (or could have hired) and paid his or her own assistants. The more the creator hires and pays for his or her own assistants, the more likely the creator was an independent contractor rather than an employee.

11.     Whether the alleged employer is a business.  If the party that did the hiring is not a business, it is more likely that the creator was an independent contractor rather than an employee.

(Page 2 of 2)

INSTRUCTION NO. _29_

A copyright owner may transfer to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from copying the work. The person to whom the copyright is transferred becomes the owner of the copyright in the work.

To be valid, the transfer must be in writing. The person to whom this right is transferred is called an assignee. The assignee may enforce this right to exclude others in an action for copyright infringement.

INSTRUCTION NO. _30_

Implied License.  A copyright owner may grant a non-exclusive copyright license orally or by implication.  The scope of the implied license is determined by the conduct of the parties.  A defendant cannot be liable for copyright infringement if it acts within the scope of a license granted to it by the copyright owner.  However, a licensee infringes the owner's copyright if its use exceeds the scope of its license.  The plaintiff bears the burden of proof in establishing that a defendant's conduct was beyond the scope of its license.

INSTRUCTION NO. _31_

An original work may include or incorporate elements taken from prior works, works from the public domain, [or] works owned by others, with the owner's permission.  The original parts of the plaintiff's and counterclaimant's works are the parts created:

    1.  independently by the work's author, that is, the author did not copy it from another work; and

    2.  by use of something more than trivial or at least some minimal creativity.

In copyright law, the "original element" of a work may not necessarily be new or novel.

INSTRUCTION NO. _*32*_

A copyright owner is entitled to exclude others from creating derivative works based upon the owner's copyrighted work. The term derivative work refers to a work based on one or more pre-existing works, such as a translation, or any other form in which the pre-existing work is recast, transformed, or adapted. Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming or adapting the copyrighted work without the owner's permission.

INSTRUCTION NO. _*33*_

An owner is entitled to copyright protection of a compilation. A compilation is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship.

The owner of a compilation may enforce the right to exclude others in an action for copyright infringement.

INSTRUCTION NO. _34_

The plaintiff claims that the defendants copied original elements of the plaintiff's copyrighted work. The plaintiff has the burden of proving the following elements by a preponderance of the evidence:

1.   that the defendants had access to the plaintiff's copyrighted work; and

2.   that there are substantial similarities between the defendants' work and original elements of the plaintiff's copyrighted work; and

3.   the defendant's work was not independently created.

The counter-claimant claims that the counter-defendants copied original elements of the counter-claimant's copyrighted work. The counter-claimant has the burden of proving the following elements by a preponderance of the evidence:

1.   that the counter-defendants had access to the counter-claimant's copyrighted work; and

2.   that there are substantial similarities between the counter-defendants' work and original elements of the counter-claimants copyrighted work; and

3.   the counter-defendants' work was not independently created.

INSTRUCTION NO. _35_

The question of whether an allegedly infringing work is substantially similar to the plaintiff's work is linked to the issue of access. When a party proves a high degree of access, a lesser showing of substantial similarity is permitted. However, it is for the jury to determine from all the facts and circumstances whether a party has proved each element of the claim by a preponderance of the evidence.

INSTRUCTION NO. 36

The plaintiff must show by a preponderance of the evidence that the defendants had access to the plaintiff's work. You may find that the defendants had access to the plaintiff's work if the defendants had a reasonable opportunity to view, read, hear or copy the plaintiff's work before the defendant's work was created.

This reasonable opportunity is not based on mere speculation or conjecture. Reasonable opportunity means that there was a reasonable possibility the defendants had an opportunity to see or hear the plaintiff's work.

Access may be shown by:

1.   A chain of events connecting plaintiff's work and the defendants' opportunity to view or copy that work, such as dealings through a third party that had access to the plaintiff's work and with whom both plaintiff and defendant were dealing.

The counter-claimant must show by a preponderance of the evidence that the counter-defendants had access to the counter-claimant's work. You may find that the counter-defendants had access to the counter-claimant's work if the counter-defendants had a reasonable opportunity to view, read, hear or copy the counter-claimant's work before the counter-defendants' work was created.

This reasonable opportunity is not based on mere speculation or conjecture. Reasonable opportunity means that there was a reasonable possibility the counter-defendants had an opportunity to see or hear the counter-claimant's work.

(Page 1 of 2)

36 · 2

Access may be shown by:

1.    A chain of events connecting counter-claimant's work and the counter-defendants'

opportunity to view or copy that work, such as dealings through a third party that had

access to the counter-claimant's work and with whom both counter-claimant and

counter-defendant were dealing.

(Page 2 of 2)

INSTRUCTION NO. _____37_____

Works are substantially similar if:

1.    the ideas in the plaintiff's or counter-claimant's copyrighted work and in the defendant's or counter-defendants' work are substantially similar; and

2.    the expression of ideas in the plaintiff's or counter-claimant's copyrighted work and the expression of ideas in the defendants' or counter-defendants' work that are shared are substantially similar.

The test for expression of ideas is whether an ordinary reasonable person would find the total concept and feel to be substantially similar.

INSTRUCTION NO. _____38_____

Copyright infringement is a measure of the extent to which an allegedly infringing work represents copyright of constituent elements that are protected under the Copyright Act. The mere fact that a work is copyrighted does not mean that every element of the work may be protected. A party claiming infringement may place no reliance upon any similarity in expression resulting from unprotectable elements. Infringement may be based, however, on the copying of original selection and arrangement of unprotected elements where the works are virtually identical.

INSTRUCTION NO. 39

Where an idea and the expression merge or are inseparable the expression is not given copyright protection.

In the computer context, elements that are dictated by efficiency are not given copyright protection. This may occur when efficiency concerns so narrow the practical range of choice as to make only one or two forms of expression workable options.

INSTRUCTION NO. ___40___

Where an expression is, as a practical matter, indispensable or at least standard in the treatment of a given idea, the expression is protected only against verbatim or virtually identical copying.

In the context of a computer program, you should not consider those elements of the program that are dictated by external considerations, such as 1) the mechanical specifications of the computers on which a program is intended to run, 2) compatability requirements of other programs with which a program is designed to operate, 3) computer manufacturers' design standards, 4) target industry practices, and 5) widely accepted programming practices and techniques within the computer software industry.

INSTRUCTION NO. _____41_____


A person who infringes by copying elements from a second work that in turn has copied those elements from a third copyrighted work may be liable for infringement of that third copyrighted work.

INSTRUCTION NO. ___42___

Copying may be permitted if the amount of material copied from a work is so meager and fragmentary that the average audience would not recognize the appropriation.

INSTRUCTION NO. 43

One who is not the owner of the copyright may use the copyrighted work in a reasonable way under the circumstances without the consent of the copyright owner if it would advance the public interest. Such use of a copyrighted work is called a fair use. The owner of a copyright cannot prevent others from making a fair use of the owner's copyrighted work.

The counter-defendants contend that they made fair use of the copyrighted work. The counter-defendants have the burden of proving this defense by a preponderance of the evidence.

In determining whether the use made of the work was fair, you should consider the following factors:

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole;

(4) the effect of the use upon the potential market for or value of the copyrighted work; and

(5) whether the use is transformative or merely supplants or supersedes the copyrighted work.

If you find that the counter-defendants proved by a preponderance of the evidence that the counter-defendants made a fair use of the counter-claimant's work, your verdict should be for the counter-defendants.

INSTRUCTION NO. ___44___

If you find that Youzoom, Inc. infringed the plaintiff's copyright, you should find that Arrowhead General Insurance Agency is responsible for Youzoom's miscounduct.

INSTRUCTION NO. ___45___

    If you find for the plaintiff Westbourne on the plaintiff's copyright infringement claim you must determine the plaintiff's damages. The plaintiff is entitled to recover the actual damages suffered as a result of the infringement. Actual damages includes the profits lost by the plaintiff and any diminution in the market value of the copyright.

    In addition to actual damages, the plaintiff is also entitled to recover any profits of the defendants attributable to the infringement. However, you may not include in an award of the defendants' profits any amount that you have taken into account in determining actual damages.

    The plaintiff must prove damages by a preponderance of the evidence.

INSTRUCTION NO. ___46___

If you find for Arrowhead on its copyright infringement counterclaim you must determine Arrowhead's damages. Arrowhead is entitled to recover the actual damages suffered as a result of the infringement. Actual damages includes the profits lost by Arrowhead and any diminution in the market value of the copyright.

In addition to actual damages, Arrowhead is also entitled to recover any profits of Westbourne or Mr. Desmond attributable to the infringement. However, you may not include in an award of the profits of Westbourne or Mr. Desmond any amount that you have taken into account in determining actual damages.

Arrowhead must prove damages by a preponderance of the evidence.

INSTRUCTION NO. ___47___

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the market value of the copyrighted work caused by the infringement. The reduction in the market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay to a willing seller at the time of the infringement for the use made by the defendant of the plaintiff's work. This can be measured by the profits lost by the copyright owner or the diminution in value of the copyright.

INSTRUCTION NO. ___48___

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

The defendant's profit is determined by [deducting] [subtracting] all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from the [use] [sale] of a [product] [work] containing or using the copyrighted work. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all [operating costs] [overhead costs] [and] production costs incurred in producing the defendant's gross revenue. The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the [use] [sale] of a [product] [work] containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the [portion] [percentage] of the profit, if any, attributable to factors other than [copying] [infringing] the copyrighted work.

INSTRUCTION NO. ___49___

The instructions that I gave you concerning copyright law, copyright infringement, and damages for copyright infringement when instructing you on plaintiff Westbourne's copyright infringement claim also apply to Arrowhead's counterclaim for copyright infringement. When considering these instructions simply substitute "Arrowhead" for "plaintiff" and substitute "Westbourne and Mr. Desmond" for "defendants."

You should not infer anything from the fact that I did not read each of these instructions to you a second time. You should consider them both in addressing Arrowhead's counterclaim and in addressing Westbourne's claim.

INSTRUCTION NO. _50_

Any award of damages or infringing profits to either plaintiff or counterclaimant must be based upon evidence and not upon speculation, guesswork or conjecture.

INSTRUCTION NO. 51

In this district, if a party has a dispute over the production or non-production of a document, the party must meet and confer with the opposing side.  The parties may seek and have sought the assistance of a magistrate judge to resolve the discovery disputes.  Any party may appeal the order of the magistrate judge to the district court.  The court takes judicial notice of the fact that no discovery disputes were appealed to the district court in this case.

INSTRUCTION NO. _5 2_

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. _53_

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

INSTRUCTION NO. _54_

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

INSTRUCTION NO. _55_

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.