








```
RYC     12/4/03    12:03
3:01-CV-01800    WESTBOURNE INTL INC V. ARROWHEAD GENERAL
*383*
*O.*
```

123849

FILED

03 DEC -2 PM 4:11

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTBOURNE INTERNATIONAL, INC., a California Corp., <br><br> Plaintiff, <br><br> vs. <br><br> ARROWHEAD GENERAL INSURANCE AGENCY, INC., a Minnesota corporation; YOUZOOM, INC., a California corporation, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | CASE NO. 01-CV-1800H (JFS) <br><br> **ORDER Granting Plaintiff Westbourne International's Motion for a Permanent Injunction** |

The Court has carefully considered the parties' papers and related declarations and all other evidence and argument presented regarding the issue of injunctive relief for copyright infringement, and finds that for reasons set forth in the accompanying memorandum opinion:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. Plaintiff has established the liability of defendants as well as a threat of continuing infringement.

THEREFORE, IT IS ORDERED THAT Defendants ARROWHEAD GENERAL INSURANCE AGENCY, INC. and YOUZOOM, INC., their officers, agents, servants, employees, and attorneys and

- 1 -

01CV1800

1  all those in active concert or participation with it are hereby permanently restrained and enjoined from
2  (1) using the PrimeRater rating engine in applications other than Winrater, and (2) using, distributing,
3  or displaying the software known as "RE2." The Court also ORDERS the release of the $3,000 bond
4  posted by Westbourne in support of the preliminary injunction.

5  This Order incorporates by reference the Court's Memorandum Opinion to Order Granting
6  Permanent Injunction.

7  IT IS SO ORDERED.

8  Dated: 12-2-03

9  _____
   MARILYN L. HUFF, Chief Judge
10 UNITED STATES DISTRICT COURT

16 Copies to:

17 Gregory S. Dovel
   Dovel and Luner
18 201 Santa Monica Boulevard, Suite 600
   Santa Monica, CA 90401

20 Randy M. McElvain
   Weston and McElvain
21 888 West Sixth Street, Suite 1500
   Los Angeles, CA 90017

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTBOURNE INTERNATIONAL, INC., a California Corp., <br><br> Plaintiff, <br><br> vs. <br><br> ARROWHEAD GENERAL INSURANCE AGENCY, INC., a Minnesota corporation; YOUZOOM, INC., a California corporation, <br><br> Defendants. | CASE NO. 01-CV-1800H (JFS) <br><br> **Memorandum Opinion to Order Granting Westbourne International, Inc.'s Motion for Permanent Injunction** |
| AND RELATED COUNTERCLAIMS | |

This copyright action was tried to a jury from July 29, 2003 through August 8, 2003. On August 11, 2003, the jury returned a verdict in favor of Plaintiff Westbourne and against Defendants Arrowhead and YouZoom on both Plaintiff's complaint and Defendants' counterclaim. The jury awarded $5,823,000 in damages to Plaintiff. On August 14, 2003, the court held a status conference regarding post-trial motions. At the hearing, Plaintiff orally moved for a temporary restraining order and preliminary injunction pending resolution of the post-trial motions, and also filed a request for a permanent injunction. On August 25, 2003, after considering the briefs of the parties, the court entered a preliminary injunction barring defendants from using the PrimeRater rating engine in applications other than Winrater and from using, distributing, or displaying the RE2 rating engine. On November

7, 2003, the court held a hearing on the permanent injunction. Gregory S. Dovel appeared for plaintiff and Randy M. McElvain appeared for defendants. On November ZZZ, 2003, the court denied defendants' motions for judgment as a matter of law and for a new trial, as well as plaintiff's motion for attorney's fees.

For the following reasons, the Court GRANTS Plaintiff Westbourne's request for a permanent injunction.

I.  **BACKGROUND**

Plaintiff Westbourne is a Los Angeles software company, Defendant Arrowhead is an insurance agency, and Defendant YouZoom, Inc. is a corporate affiliate of Arrowhead created to broker insurance policies and provide other insurance related services over the Internet. These parties are in dispute over the rights to the rules engine module of an original computer program that creates real-time pricing of insurance products based on an applicant's risk profile. Westbourne alleged, among other things, that Defendant Arrowhead infringed Plaintiff's copyright in the rules engine module by transferring the module to YouZoom for use on its Internet platform. Westbourne also alleged that YouZoom infringed its copyright by reproducing and/or distributing copies of the program, preparing derivative works based upon the software, and by publicly displaying such copies or derivative works without Westbourne's permission.

The case was tried to a jury, which rendered a general verdict in favor of Westbourne and against Defendants Arrowhead and YouZoom, and awarded damages in the amount of $5,823,000. The jury also answered two special questions, finding that Defendants' use of the PrimeRater rating engine in applications other than Winrater exceeded the scope of Arrowhead's license, and that the RE2 program is a derivative work that infringes Westbourne's copyright in PrimeRater.

The court has already entered a preliminary injunction, pending the outcome of the post-trial motions. Having denied defendants' post-trial motions for judgment as a matter of law and for a new trial, the court now considers plaintiff's motion seeking permanently to enjoin defendants from further acts of infringement.

## II. DISCUSSION

In the copyright context, a plaintiff is "entitled to a permanent injunction when liability has been established and there is a threat of continuing violations." <u>Universal City Studios, Inc. v. Sony Corp. of America</u>, 659 F.2d 963, 976 (9th Cir. 1981), rev'd on other grounds, 464 U.S. 417 (1984). See also <u>Nintendo of America, Inc. v. Lewis Galoob Toys</u>, 16 F.3d 1032, 1038 (9th Cir. 1994) (citing <u>Universal</u> for proposition that "public policy favors the issuance of [permanent] injunctions in intellectual property infringement lawsuits...once infringement has been established"); <u>MAI Sys. Corp. v. Peak Computer</u>, 991 F.2d 511, 520 (9th Cir. 1993) (in computer software context, "a permanent injunction will be granted when liability has been established and there is a threat of continuing violations"); 3 Melville B. Nimmer, <u>Nimmer on Copyright</u>, §14.06[B] at 14-53, 14-54 ("Generally, it would appear to be an abuse of discretion to deny a permanent injunction where liability has been established and there is a threat of continuing infringement.").

Contrary to defendants' argument, plaintiff need not show irreparable injury in order to obtain an injunction. More precisely, plaintiff must demonstrate a "threat of continuing infringement." In other words, if a plaintiff seeking permanent injunctive relief can demonstrate that it faces a threat of continuing infringement, it will have met its burden of proving irreparable injury.

At this stage of the proceedings, Westbourne has succeeded on the merits of its case in proving defendants' liability for copyright infringement. The court has denied defendants' post-trial motions.

Next, plaintiff must demonstrate a continuing threat of infringement and not, as defendants claim, the likelihood of irreparable injury. Ample evidence admitted at trial and in the post-trial briefings shows a continuing threat of infringement. (<u>See</u> e.g. Decl. of Steve Boyd in sup. of opp. to Pl's request for a TRO at 2 ¶2).

Further, plaintiff bears no obligation to demonstrate the inadequacy of remedies at law. <u>Nintendo</u>, supra., 16 F.3d at 1038 (permanent injunction available "when liability has been established and there is a threat of continuing violations"). The court also need not balance the equities or assess the harm to the public unless presented with special circumstances. <u>Abend v. MCA, Inc.</u>, 863 F.2d 1465, 1479 (1988), aff'd sub nom. <u>Stewart v. Abend</u>, 495 U.S. 207 (1990) (holding that "where great public injury would be worked by an injunction, the courts might ... award damages or a continuing royalty

1  instead of an injunction in such special circumstances."). This case can be distinguished from the
2  unique conditions of Abend. If the court enjoins Arrowhead and YouZoom from using RE2 or from
3  implementing PrimeRater in anything besides Winrater, the public will simply access the same or a very
4  similar work through any of Westbourne's licensing opportunities. No "great public injury" will result
5  from the court's decision to prevent one insurance Internet site from deploying another technology
6  company's software; the court is confident that the public can obtain Internet-based premium quotes
7  of comparable quality from other providers. Defendants suggest that in place of an injunction the court
8  should grant them a compulsory license and impose a royalty on the copyrighted elements of RE2 that
9  belong to Westbourne. The court declines to do so but the parties are free to negotiate an end to the
10 injunction on whatever royalty terms they desire.

11 The court also denies defendants' equitable estoppel claim. Plaintiff timely sought injunctive
12 relief after establishing liability. Once the jury conclusively established that Arrowhead and YouZoom
13 infringed Westbourne's copyrighted work the court imposed a preliminary injunction. After further
14 briefing, the court concludes that a permanent injunction is appropriate.

15 Finally, defendants argue that the permanent injunction should simply strip RE2 of its infringing
16 components and in any case should not require the recall of all copies of the RE2 software, as has been
17 requested by plaintiff. Injunctions should be narrowly tailored to fit the violation; according to Nimmer,
18 "the scope of the injunction should be coterminous with the infringement" and should be no broader and
19 no narrower than necessary. Nimmer, supra., at §14.06[C]. Defendants' suggestion that barring the use
20 of RE2 altogether would be too broad, however, essentially ignores the verdict of the jury which found
21 that RE2 was a "derivative work that infringes Westbourne's copyright in the PrimeRater rating engine."
22 Special Question No. 2. Defendants are at liberty to start from scratch and develop a new rating engine
23 that does not incorporate or derive from copyrightable components of PrimeRater. But the RE2 program
24 is too tainted with plaintiff's protected expression for it to serve any permissible purpose in any future
25 engine defendants seek to create.

26 However, the court agrees with defendants that recall of the software is not necessary at this time,
27 absent further showing of necessity. In general, mandatory injunctive relief, which "goes well beyond
28 simply maintaining the status quo...is...disfavored, and should not be issued unless the facts and law

- 4 -                                                              01CV1800

clearly favor the moving party." <u>Anderson v. United States</u>, 612 F.2d 1112, 1114 (9th Cir. 1979). In this case, while the jury ultimately and clearly found for plaintiff, the arguments and subject matter involved were highly complex. It is unlikely based on the present record that the destruction or turnover of copies of RE2 sought by plaintiffs would pose any greater deterrent to unauthorized copying than this injunction. The injunction involves a computer program whose intangible, digital instantiation essentially renders immaterial the destruction of physical copies. Absent further evidence of a copyright violation, the court declines to order a recall of RE2.

### III. CONCLUSION

Therefore, the Court GRANTS Plaintiff's request for a permanent injunction. Defendants shall be enjoined from (1) using the Primerater rating engine in applications other than Winrater, and (2) using, distributing, or displaying the software known as "RE2." The Court also ORDERS the release of the $3,000 bond posted by Westbourne in support of the preliminary injunction.

IT IS SO ORDERED.

Dated: 12-2-03

MARILYN L. HUFF, Chief Judge
UNITED STATES DISTRICT COURT

Copies to:

Gregory S. Dovel
Dovel and Luner
201 Santa Monica Boulevard, Suite 600
Santa Monica, CA 90401

Randy M. McElvain
Weston and McElvain
888 West Sixth Street, Suite 1500
Los Angeles, CA 90017